Our first case this morning is 4-0-9-0-8-5-2, People of the State of Illinois v. Blaine Warren. For the appellant, Ms. Vincent. For the applicant, Ms. Brooks. You may proceed. Ms. Brooks Thank you. May it please the Court, Ms. Brooks. Although it's a little out of order, I guess we should start with jurisdiction because that's where it would ordinarily start and I assume that's the main problem with this case or the question that this Court has. And it is Mr. Warren's position that this Court does have jurisdiction to deal with these latent collection fees. Costs are associated with criminal judgment. Section 124A-5 states as much that costs are part of the criminal judgment to be taxed at the time of sentencing. But these costs don't get taxed at the time of sentencing. Ms. Brooks No, they don't. And that's where the problem starts. And I think, I don't think that the legislature necessarily considered the problems inherent in trying to appeal a judgment while tacking on costs. But the problem is that they are costs. Costs associated with the judgment. They aren't prejudgment interest, they're not post-judgment interest. But really they're collateral costs, not direct costs. Isn't that correct? Ms. Brooks I'm not sure I would... Mr. Laird I mean, if you pay your fine, they never arise. Ms. Brooks Well, and that is true. But also Section 124A-10 also puts these latent collection fees in terms of may. They aren't mandatory. So the problem that a defendant like Mr. Warren finds himself in is how to litigate these costs if they are assessed improperly. And by virtue of the fact that there is no other remedy, both Ms. Brooks and I weren't able to find anything in the law to specifically address the problem with litigating costs associated with a criminal judgment. Mr. Laird Couldn't you file a quo loranto? Ms. Brooks I don't know if you could or not. At the risk of giving away my age, it's been at least 20 years since I've done any sort of civil litigation. The problem is you've also got a guilty plea here. And Rule 604D applies to litigating or appealing a guilty plea. The only way to do that according to Rule 604D is to file a post plea motion. You've got the motion to reconsider a sentence in this case because it was an open plea. If a state's attorney in a particular county went after a defendant who had failed to pay a fine and probation is long elapsed and he gets a civil judgment, what would you do then? Ms. Brooks That's a very good question. I think it might depend on how the civil judgment is arrived at. Did the defendant get notice and opportunity to be heard before the civil judgment was entered? That is kind of the problem here. These costs are just assessed and tacked on and nobody knew about it until I happened to inquire. Ms. Brooks But the legislature has provided for that process. Ms. Brooks Right, but what the legislature hasn't provided for is a way to attack these latent collection fees within the confines of a criminal judgment. Ms. Brooks Well, that's my next point. Is this defendant even entitled to have state representation on this issue? Ms. Brooks This is in the nature to me of a civil penalty and we've got state lawyers coming in, being paid by the government, to argue about whether a defendant whose fines and fees are unpaid can be taxed with collection costs and late fees. Now I question whether in the first instance the state should be spending our money that way because he's not entitled to representation on civil matters, right? Ms. Brooks I would presume so. I'm not real sure because our statute prevents us from representing individuals who don't have criminal or delinquency matters. So I'm not real sure how far other sorts of state representation go. Ms. Brooks Okay, my question to you really is this. This defendant was convicted or pled guilty to an offense. He was fined and sentenced. And putting aside the practicalities of assessing these fees against somebody who's sitting in prison, the fact that he doesn't pay his fines and then by statute the clerk is authorized independently to assess these. It's not the trial court that's assessing it. They give the authority to the clerk to do this in the nature of any civil judgment. It's in the nature of a judgment. And my question really I think fundamentally we have three of these cases pending right now so we're looking at all of them. But fundamentally the question is to me now as I sit here thinking about it, why are you here advocating for this person on the issue of whether late fees and collection costs can be assessed on a judgment which is in the nature of a collectible monetary judgment? Because it seems to me that the costs are part of the judgment. The Castile case makes that clear that criminal costs are part of criminal judgment. Right, this is not part of the criminal costs though. This is not as a result of his sentence. He was fined and costs were assessed at the time of sentencing. These costs occur, actually these were imposed seven months after sentencing. Which is part of the problem. But not as a result of his sentence. It's a result of his non-payment of the judgment that was entered. It's a collateral civil matter now. That's the way I'm kind of thinking about it. And I'm not sure I agree simply because, and I guess the best way to compare it is the supplemental authority that Ms. Burke cited last week sometime. The General Motors v. Pattis. The problem there was imposing post-judgment interest on judgment interest. And that is collateral because it's not part of the judgment. But how is this part of the judgment? Because it's a cost as opposed to interest. It's a cost associated with the criminal judgment. A late fee and collection cost is what they're called. Right, it's still a cost associated with the judgment. But collecting the judgment though. It's a cost with respect to collecting the judgment. Not as a result of the initial imposition because if he'd have paid it in a timely fashion he would never have those costs, which I think is Justice Appleton's point. Right, and the costs aren't even mandatory in that sense. So it seems to me the other part of the problem is that there really isn't a judgment for these late and collection fees to begin with. They are assessed by the clerk but there's no associated judgment attached to them. Because the county hasn't moved forward to do that, right? It would appear no. Nobody has. There's no, no circuit court has touched this. They're just, the circuit clerk is just. Is this going to be the first case that's ruling on it basically? As nearly as I can tell. I don't know that there's anybody else who's, where this has popped up. I think in DuPage County they have collections, they have a collection agency that collects them. Yeah, and I believe Champaign County does as well. It's been my understanding from other clients that they are getting letters while they're in the DOC from attorneys in Chicago who are attempting to collect these debts from Champaign County. Yeah, I don't know what they're supposed to do with it at that point. It seems to me the issue here, if the circuit clerk had followed the statute to begin with, I don't think there would have been a problem. Right, what did they do wrong? Well, they waited too long. The 124A-10 allows for assessment of these late and collection fees 30, 60, 90 days from the date of the final judgment. Unless an installment payment plan is entered. Right, and to go back a little bit, the statute doesn't appear to presuppose an instance where the judgment that they're attempting to collect is currently on appeal. So then you've got a problem with whether or not the trial court even has the authority to attempt to collect this judgment because it is part of the costs associated with the appeal. Castile is not on point, but it sort of illustrates the problem here. And the problem in Castile was there was an appeal bond posted in the appeal court, which the circuit court then attempted to attach in order to pay the costs of the trial court judgment. And the Supreme Court said, yeah, that's fine, and the reason is it's the same judgment. So here you've sort of got a variant of the same problem. It is the same judgment that they're trying to collect, they're just using a slightly different method to do it. Who is they, by the way? They, I assume at this point, is the circuit clerk. Well, you mean in reference to the trial court attempting to collect it. The circuit clerk, not as an agent of the court, but as a representative of the county. And a representative of the court system says, you owe us late fees. We are imposing that. As a practical matter, I think the circuit clerk is going to have a problem until they've reduced the latent collection fees to a separate judgment. That sounds like it might be a winning argument. Right. But it would be a winning argument when the circuit clerk tries to collect. That is a possibility. But the problem is that under criminal law, how does he get to it? How does he challenge it? That's the point. I don't think he can. I'm not sure how he can. Here's his problem. Because it's simple. It is simple. But you've also, I don't know, in terms of collection, I assume they would use the general civil methods, and I think the statute says something to that effect. The problem he's got is, how does he challenge them? How has he been prejudiced yet, though? I'm sorry? He's not been prejudiced because he's sitting in prison, he hasn't paid it. These fees may mount and be a judgment against him. Truthfully, though, we all know. It's never going to get paid, unless he wins the lottery, maybe. Well, Mr. Warren might be in a different position from most defendants. He's actually going to be out in October. And he does have a work history, so there is the possibility for him. Here's the problem he's got. A work history interrupted by a stint in the penitentiary. Perhaps so. But nonetheless, he does have a work history, and I can only presume that he will go back to some form of work when he's out. But he will be out shortly. His sentence wasn't that long. I think he does get out in October, if I remember correctly. Maybe sometime this fall. I want to get back to one point before we forget about it, because I asked you about the installment payment plan. In his case, didn't he have six months to pay in equal installments, and it was supposed to be paid by January of 2010? That's a very good question. I have not actually. We're having the record come over, so I can actually look. Justice Appleton has looked at the record. It's at his office. It will come here today, and we'll all look at it. But I have another case out of Champaign County that I've been looking at, and they have a stamp on the document. Yes, they do. And in this case, they do not. Okay. Wait. In Warren's case, they don't? So where is that coming from, that he had until January 25, 2010 to pay? Well, this is a point on which the parties disagree as to whether or not that's part of the order or if it is even a court order. Where they're getting this is what's called the sentencing expanded record that apparently Champaign County uses. There are some judges in Champaign County I've looked at records where the judge signs that sentencing expanded record and file stamps it. In this case, it was just kind of stuck in the file. There's no judge's signature on it. It's not even file stamped in this case. So I am uncomfortable even calling it a court order. But that's where it's from. Now, it's also reflected in the docket sheets. Okay. It appears on the docket sheet. Yes. In a typed entry? I'm sorry? In a typed entry or just on the stamp? Yes, in a typed entry. There's no writing from the judge. The judge doesn't say anything about it at sentencing. At sentencing either? No. Okay. Let's assume for the sake of argument that Mr. Warren was given six months in equal installments to pay his judgment. So he was sentenced in, let's say, July, the end of July, and he's got until the beginning of January or whatever it is. The court cannot assess any late collection fees, late fees or collection fees, until after that six-month period passes. I'm not sure the statute stands for that. Depending on how you read the statute, and it would be Mr. Warren's position that if there is an installment plan, there are no late collection fees that you can assess. Ever? Because it says unless an installment plan is required. That's not crystal clear. I agree with you on that point. So, in other words, to me, though, the logical way to look at it is if the court imposes an installment payment plan, which I did many times as a trial court judge. It's fairly common. Yes. But we said X number of dollars per month until paid in full or gave a date by which they had to have it paid, whatever. So let's say this court said you've got six months in equal installments to pay it. And your position would be that under the statute, once that installment payment order is entered, the clerk can never assess a collection or late fee, even if the defendant never pays a penny of it. If that order is in effect, as long as that order is in effect. That's what I'm asking. Okay, I agree that if that installment order is in effect, because that makes sense to me, because the court has allowed the defendant to pay an installment, the clerk should not be assessing a late fee or a collection fee until that period has expired and the fine goes unpaid. Now, I'm trying to figure out if you're contending under the statute, even under that scenario, he's never paid a dime, the six-month period has passed, do you think that the clerk then does have authority under the statute to assess late and collection fees? I don't think they do under this particular statute, based upon how it's worded. There may be other statutes where they might be able to do that. Section 593, I can't remember the exact language of how that's used, but it requires the state's attorney to attempt a collective judgment and fees and costs associated with that. Let me ask you this. Okay. And I haven't looked at the legislative history of the statute, but it seems to me like an argument. Which statute? 593 or 124A? 124A. And maybe I'm making Ms. Brooks' argument for her. Which I'm sure she wouldn't mind. Well, I'm just thinking that under the statute, it makes sense that the legislature would have wanted, if a court saw fit to give somebody time to pay, that late fees and collection fees should not be imposed at that point. Right. Maybe they didn't think it through the whole way, and they didn't say exactly, and once the installment period is over, if those fines remain unpaid, then the clerk can go ahead and assess the late fee and collection. Well, I have looked at the legislative history, and it's not particularly helpful on that point. Most of what the legislature, and there's very little of it from what I can recall, and most of it deals with, well, what do we do with the guy while he's in prison? And the legislative history seems to indicate that as long as he's in prison, you shouldn't really be imposing these. But the statute doesn't deal with that at all. In fact, 124A-10 does have that part about if you're going to try to sell his assets, it's not an excuse that he's in prison. So kind of acknowledges that it might be happening while he's in prison. Right. But I don't know, but that's only in terms of putting a lien on property and then selling it. So I don't know if they necessarily meant for monetary judgments, just for somebody to write a check. In the higher order of things, these are usually collected out of bond, and that's what happened in Mr. Warren's case. He just didn't have enough bond to cover the entire bill. In my county, we rarely had enough bond to cover fines and costs, to tell you the truth. And so we had a huge collection effort being made, not by these private agencies. Frankly, my clerk never did assess these fees. Yes, Champaign County seems to be unique in this. There may be other counties that do, but it's pretty rare. It's only Champaign County where I've seen this. And like I say, part of the problem is unique to Mr. Warren's case. The problem he's got is that he really has no way to get back at these late inflection fees that are imposed improperly, because there is no judgment form. The judge never, in terms of ordering costs, didn't say, and you'll be subject to late inflection fees. He's never been admonished that this is a possibility. The statute uses the term may. Right. But the statute is there, and the law is there for people to read if they choose to. If they choose to, or if they know about it. Right. But we're also charged with knowledge of the law, let's put it that way. And that is a collateral consequence that I don't think the court is required to admonish about. I've never... I'd be surprised if any court found that it wasn't a collateral consequence for a court to admonish about. And I'm not arguing that they're required to. What I am saying is that the unique fact and circumstance of the case is that the clerk didn't assess these fees in the manner provided by the statute. She didn't do it in 30, 60, 90 days. She waited. The judgment was final on November the 9th of 09. These fees were not assessed until June 23rd of 2010. He's out of luck, no matter what he tries to do. A motion to reconsider won't lie, because he was sentenced in July of 09. So we can't use that to litigate the costs. Did your Notice of Appeal raise this issue? The Notice of Appeal raises the issue in terms of conviction and sentence. And costs are part of the criminal judgment. And I'm sure Ms. Burtz would disagree in terms of whether or not a new Notice of Appeal needs to be filed, and that's actually where I'm going with this. He doesn't have the chance to do that, because these latent collection fees were assessed after the time a late Notice of Appeal should have been filed. The seven months would have been out earlier in the month. Which to me bolsters the argument that we shouldn't be hearing it in his criminal appeal. That that should be a separate issue in the nature of a civil matter that he could contest in the trial court and then take an appeal from at some later time without the cost of the taxpayers. Rule 604 sort of prevents him from doing that, because he's the only way to appeal the criminal judgment. What I'm saying is it's not part of the criminal judgment. It's a separate civil. I'm thinking out loud. I'm not saying this is how we're ruling. Of course, we're going to look at this issue. But I think you could make the argument that this is not part of the criminal judgment. And I'm sure that's exactly the argument the state's going to make. And the argument I'm making is that I think it is part of the criminal judgment, because there's no other authority to contest it. But how can it be if it was assessed 7 or 10 or a year later? How can it be part of that criminal judgment that occurred back in July of 2009? It is still a cost as opposed to saying... But not a cost imposed by the trial court at the time of sentencing. It wasn't. Right. And that's actually part of the problem. They were assessed improperly for that reason. Well, I know you're out of time, but I just wanted to ask you about that, because in the briefs that I've been reading in these cases, the position of the defendants has been that the clerk was not authorized to assess these costs. But I'm looking at the statute and the legislation that says the circuit clerk is authorized to assess these costs. But the circuit clerk is authorized to do it 30, 60, 90 days. Here, the circuit clerk didn't do it within that time period. So that's your argument. That is actually... That they had to do it on the 60th day or on the 90th day or else they're out. And a fee could go unpaid forever and you could never assess a later collection fee. Under this particular statute, I don't believe you can by the terms of the statute. Thank you, Counsel. Thank you. We'll hear from you on rebuttal. May I please support and counsel? My name is Anastasia Brooks and I represent the people in this case. I am currently drafting a supplemental brief in the case of People v. Dequan Clark, which is one of these three cases that this court may be aware of. And I mention that for the reason that I may be taking a slightly different tact from the brief that I did write, a supplemental brief that I did write in this appeal. And I mention that for the reason that this court may be interested in ensuring that there is a uniform body of precedent in this area. So, therefore, when I had said in my brief that it appears that a payment plan had been implemented in this case, I do want to preview the fact that in Dequan Clark's case I may be making a different argument. The argument that if you refer to the dictionary definition of what it means to be implemented, it may be a situation where the payment plan is not actually implemented unless the defendant pays on time within the terms of the payment plan that he was given. So, therefore, it may be a situation where the legislative intent here is to refrain from imposing late fees on defendants who have been given extra time to pay when the statute is worded with respect to 30 days, 60 days, and 90 days after the date of judgment. So here when the defendant gets 18 months to pay, it's going to be absurd for the legislature then to start tacking on late fees when the legislature wants to preserve the ability of the court to offer him more time to pay than just 30, 60, or 90 days. But yet it's also absurd to interpret this as expressing legislative intent to somehow exempt entirely any defendant who has been, in fact, given extra time to pay from any late fees at all, even with the benefit of that extra time. Now it's sort of in place in a different class. Perhaps this statute could have been worded a little bit better, a little more clearly to make that apparent. But at least the argument is that this is at least an ambiguous statute in that this court would be sensitive to the need to give effect to all the words in the statute and the wording that says unless the court order payment plan is implemented. The state is not asking this court to disregard that entirely, merely to give it a different effect from the effect that the defendant wants. The defendant wants that language to be given the effect of exempting him entirely from payment of the late fee. However, the language can be given a different effect, but still give an effect by modifying the date of judgment with respect to the 30, 60, and 90 days. So it would be the end of the time in which he has been given the pay by the court and that would commence the 30, 60, and 90 day periods. So that would give effect to the language and also to the apparent legislative intent. And I don't have any actual legislative history to support that interpretation, but at least that is something that could be gleaned from the actual words of the statute. Do you agree with Ms. Vinson's argument that if a defendant's fine and costs go unpaid, let's say two years, is the court without authority at that point in time to assess the late fee or collection fee in your opinion under the statute? That is the new argument that I haven't actually seen in the briefs. I haven't had an opportunity to research that, but it would have to be the case where the legislative, the language of the statute would have to command an interpretation that would require payment on those days, those specific days, or forever be barred. And I'm not sure that's an interpretation to be supported by the legislative text of that section 124A10. So that's the only response I'm prepared to give at this time. Do you think these late fees and collection fees are part of the criminal judgment? No, Your Honor. There's not included in the criminal judgment. And the only reasons that have been given are the fact that there are costs and, of course, additional authority I can cite in the Dequan Clark supplemental brief may show that costs are strictly construed. And, in fact, there was a situation in which even costs of extradition to extradite a defendant were not considered costs in the criminal judgment. They had to actually put that in the statute in order to overrule that interpretation. So you can't expansively read Section 124A-5 to show that these are, in fact, costs of prosecution that were automatically included in the judgment under the authority of Castile. So for that, the other argument the defendant puts forth are, well, now he has to pay more money. So, therefore, it must be part of the judgment. And that's why I cited the supplemental authority this Court allowed is the General Motors v. Pappas case recently decided by the Supreme Court of Illinois. In that case, they decided to the Sears Holdings case, which is an appellate decision that they overruled in General Motors. And in that case, they had focused on the fact that adding judgment interest altered issues on appeal by increasing the amount of the judgment. Well, the Supreme Court disagreed with that. They didn't find that it was part of the judgment, and they didn't find that it interfered with review. So it was something in which a situation in which the Supreme Court recognized that the circuit court had jurisdiction to add the judgment interest. Of course, in that case, it was a situation in which the judgment itself involved interest. It was interest on a property tax refund. But putting aside the fact that the judgment itself represented interest that was owed by the collector in that case, the judgment interest on top of that was collateral. So, therefore, the circuit court had jurisdiction to impose that. And I understand here we're not actually dealing with an actual circuit court action. It's the clerk that's imposing it. But they also found in General Motors that there was no appellate jurisdiction because that had not been included in the notice of appeal, either by amendment or by filing a new notice of appeal after that action had been taken. If a defendant felt that these late fees and collection costs were wrongly assessed, what is his remedy? How could a defendant challenge that? Well, defendants can file motions to vacate what he perceives to be a void judgment in the trial court at any time. But, of course, this court would have to have jurisdiction. Even if it deemed the orders to be void, this court would actually have to have jurisdiction in the Flowers case in order to actually correct the order. So the allegation of a void order doesn't clothe this court with jurisdiction to go past the issues that are identified in the notice of appeal. Well, I guess what I'm asking you is, are the late fees and collection fees, is there a necessity to reduce those to judgment at some point in time before a defendant could take an appeal from that? And that appeal, would that appeal be in the nature of a civil appeal contesting the validity of the assessment of a late fee or a collection paid by a circuit clerk? Well, I'm not sure exactly if it would have to be reduced to a judgment for the defendant to challenge its imposition because right now it's reflected in the amounts that the circuit clerk says he owes on account of his case. He might be able to make a trial court plea challenging the addition of the late fee and the collection fee and then take an appeal from that order. But he'd actually have to secure a ruling by instituting a pleading in the trial court. Perhaps maybe, and I'm not conceding this, but the other possibility is he could have simply just filed a notice of appeal reflecting a challenge to the trial court's actions, but since it wasn't really a trial court action per se, then maybe that would not be an appealable order for him to simply have filed a notice of appeal without instituting some sort of pleading in the trial court. It seems like he needs to institute a pleading if he's objecting to these and get a ruling on it one way or the other and then he can take an appeal from that. My point is, I'm not sure that's part of the criminal appeal because the statute on its face says these late fees and collection fees cannot be assessed until 30 days after judgment. And normally, your judgment's final at that point. So my point is, they're coming after the judgment is already final. And that final judgment should already be up on appeal at the time these late fees and collection fees are being assessed. So they wouldn't have been part of that final judgment. It is a possibility. I think I've briefed one case in which these were not challenged in Champaign County, even though it had been almost 18 months, I think, by the time they ruled on the motion to reconsider a sentence had been pending for so long that they could have included it in the notice of appeal, but they didn't raise that issue. It's not a necessity that these late fees will be imposed only after a timely notice of appeal will be on file. No, it could happen that they would be imposed before that. I understand that. Right. But when you look at the language of the statute itself, in a case where you're not going to have delays in the post-trial motions and those types of things, it seems to me that the initial imposition occurs after the trial court actually moves this jurisdiction over the case, more than 30 days after the judgment is under. It could happen that way. Right. Definitely, that's what happened here. The trial court had lost jurisdiction for most issues, the ones that were being appealed, but this is not an issue that is within the scope of the appeal, so therefore the trial court would have had jurisdiction to impose these, even if it were something the trial court had to impose instead of merely the circuit clerk. But I do want to object to one of the things the defendant mentions about the language in Section 124A-10. That's the section statute dealing with up to 15% late fees after 90 days. It also says that language requires the collection fees to be vacated, the 30% collection fees in a different statute, 593-A, or 593-E. So even if this court were to disagree with the state's interpretation and agree with the defendant that that language, if this court finds that the payment plan had been implemented even though it was unpaid, and that the legislative intent actually supports the defendant's argument, that would really knock out the 15% late fees. It would not affect the 30% collection fee, which is assessed differently under 593-E. So that's a totally different thing. So I wanted to clarify that. So with respect to that, basically that's all I was prepared to speak on today. I'm here to answer any additional questions you have. We have none. Okay. Thank you, Your Honors. In terms of, I guess I'll start with the difference between the case cited by the state, General Motors v. Pappas. The problem with 213-03 is the language in that statute deals with attaching interest on interest. You're getting at different things. And interest would be collateral to that judgment because it would not necessarily be part of that judgment. Interest deals with the time value of money as opposed to collecting the costs underlying the litigation to begin with. The legislature and the Supreme Court have figured out ways of dealing with how to collect certain additional costs in civil cases. If you look at Rule 137, how you deal with collecting attorney's fees. Or under general civil litigation, you can file a motion to collect deposition costs and that kind of thing. The reason that those kinds of costs are dealt with the way they are is because they're not necessarily set in stone. They do need to be litigated. And the problem in costs associated with the criminal judgment is those are pretty much set costs and the clerk just ticks off the amounts necessary. And even under 124A-10, those amounts are set. You don't have to guess to calculate. So I'm not sure that comparing this to interest on interest is going to help. I would say that these aren't collateral because they are a consequence of the court's original order. Right. But they're a consequence of the defendant not paying the judgment. In other words, they would never exist as long as he paid. If he doesn't pay, they come into effect by operation of law almost. It would appear that way. But the other problem is that while the clerk can assess them, I don't know that they can necessarily be collected without an order. And that's another problem. But isn't that another step then that could happen down the road? In other words, a defendant could object to paying those. It could, and I assume that's what 593 is designed to do, for the state's attorney to actually collect those fees. Now, the state here appears to be arguing that those are also automatic. And the way I read 593, the state's attorney does have to do something to collect those fees. The clerk doesn't assess them automatically in the way that 124A-10 appears to assess them. In this case with Warren, we had late fees and collection fees. Correct. Now, under 124A-10, you don't get both of those under 124A-10, do you? I can see no provision in that statute. I did not. I don't think they're done that way either. But it's kind of like lumped together in these briefs. Well, it's kind of hard to figure out because they weren't itemized. The clerk didn't itemize them either, so you're kind of guessing as to exactly how they arrived at some of those numbers. One other thing I did want to address is a collateral consequence of a judgment. While the trial court generally loses jurisdiction, they can amend certain orders, so long as what they're doing doesn't interfere with the judgment that's being appealed. I would suggest by virtue of the fact that all these supplemental briefs have been filed and we're all gathered here today, that what the trial court or the clerk here did, did interfere with this judgment. I think that is an argument in favor of finding that it is part of this judgment. The costs are being added to costs that were ordered by the trial court. But that's authorized by law. The legislature put that plan into place and gave that authority to the clerk. It's not like the clerk has decided on her own to assess these late fees and collection fees. I mean, the decision to go ahead and assess them is obviously hers, but there's statutory authority for her to do that. Right. Within the confines of the statutory authority. Then, of course, we go off on the separate tangent of the lateness with which the clerk did this. And I think those were... Oh, as far as getting an appealable order, I think this is kind of where we're going and where I was trying to figure out where he would have another remedy if we don't deal with this now. Yeah, you do need an appealable order, and I'm not sure there is one. Yet, if you were going to consider the latent collection fees as separate judgment, there is no appealable order. So when does he file a notice of appeal? And that's another problem he's got. I guess maybe he could file a PC if he wanted to. I'm not really sure under what theory. No, I don't think that would be the way to go. I think he goes into court and he objects to the assessment, and then an order is entered one way or the other, either in his favor or against his favor, and that order could come up. I'm just saying... But I think then you're actually dealing with costs being assessed as opposed to 593 because the state's attorney or somebody at the state's attorney hires to do this is the one who's going to actually have to set these for a hearing and get it collected. Right. Put the steps necessary. And I assume that's some type of a... So 124A I'm not sure would necessarily apply in that instance. That's an interesting issue. Thank you, Jennifer. Thank you. Who would have thought it? We'll take this matter under advisory.